**Mrs. Anne D. HARTSELL et al.**
v.
**CITY OF KNOXVILLE.**
Civ. A. No. 8272.

United States District Court,
E. D. Tennessee, N. D.

Oct. 10, 1973.

Robert H. Watson, Jr., Knoxville, Tenn., for plaintiffs.

Louis Hofferbert, Director of Law, Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiffs, employees of the City of Knoxville in various departments within the city school system, have filed this action, on behalf of themselves and on behalf of all other city employees similarly situated, requesting the Court to declare Section 102 of the Charter for the City of Knoxville unconstitutional and to enjoin defendant from any future enforcement of this provision and regulations pursuant thereto.

Section 107 of the Charter provides as follows:

"No person in the service of the city or seeking admission thereto, shall be appointed, reduced, or removed or in any way favored or discriminated against because of political opinions or affiliations. It is hereby made unlawful and a ground for removal and discharge from office or employment of the city for any officer or employee of the executive or administrative departments of the city to act or serve on any political committee, campaign, finance committee, or similar body or organization, or to attend or serve as a delegate to any political or nominative convention; likewise, for such official or employee to serve as any register of votes, or as judge, officer or clerk of any election, either general or primary. It is hereby declared unlawful and grounds for removal or discharge for any officer or employee of the executive or administrative departments of the city to solicit contributions to, or to subscribe or contribute to any candidate for office, state, municipal or national, or to his manager, agents, or representatives for campaign or election purposes. It shall be a misdemeanor, punishable by a fine of one hundred dollars, for each such offense upon each conviction, in the criminal court for Knox County, Tennessee, or a fifty dollar fine before the city judge, for any person to solicit, collect, or re-

ceive any contribution or money from any city official or city employee for election, campaign purposes or property or premises owned, rented, occupied or controlled by the City of Knoxville."

Specifically, plaintiffs allege that while at its outset Section 107 states that one is not to be favored or discriminated against because of political beliefs or affiliations, the remainder of the provision imposes such severe limitations upon political activities by threatening possible discharge from employment, and even criminal prosecution, that the plaintiffs' rights of freedom of speech and association have been chilled. Additionally, plaintiffs allege that Section 107 is vague and overbroad on its face in that while it sets forth a policy against discrimination on account of political beliefs, it prescribes no criteria by which one can govern his conduct to avoid possible penalties for violations thereof. In essence, plaintiffs claim that

> The threat of retribution imposed by this provision stifles the constitutional rights of plaintiffs by its threats to plaintiffs who are forced to choose between their rights under the Constitution and the well-being and support of their families.

Nowhere, however, do any of the plaintiffs allege that they as a group, or individually, have been subject to discharge or criminal prosecution under Section 107 or that they have violated the charter provision or intend to violate it. Nor are there any allegations that they have been harassed by threats of discharge or prosecutions or that officials responsible for enforcing the charter provision have acted in bad faith at any time. The only allegation found in the complaint is that plaintiffs' First Amendment rights have been chilled by this allegedly vague, overbroad and patently unconstitutional regulation.

Both parties have moved to dismiss and/or for summary judgment. Defendant asserts that plaintiff's complaint must be dismissed on the ground that plaintiff fails to assert a justiciable case or controversy and further that, even if the case is properly before the Court, the City Charter provision under consideration is constitutional. We are of the opinion that defendant's motion is well taken.

The case under consideration, for the purpose of determining this issue, is closely analogous to United Public Workers v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947), in which a number of federal employees attacked the constitutionality of certain provisions of the Hatch Act. However, only one of the plaintiffs in that case alleged that he had violated the provisions of the Act. As to the remainder of the plaintiffs, the court was faced with determining whether or not a controversy existed so as to invoke the jurisdiction of the federal courts. In holding that no justiciable case was presented, the court, per Mr. Justice Reed, stated:

> "As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite. This is as true of declaratory judgments as any other field. These appellants seem clearly to seek advisory opinions upon broad claims of rights protected by the First, Fifth, Ninth and Tenth Amendments to the Constitution . . . . Appellants want to engage in 'political management and political campaigns,' to persuade others to follow appellants' views by discussion, speeches, articles and other acts reasonably designed to secure the selection of appellants' political choices. Such generality of objection is really an attack on the political expediency of the Hatch Act, not the presentation of legal issues. It is beyond the competency of courts to render such a decision." 330 U.S. at 89.

Plaintiffs here fail to present a justiciable claim, and whether we term this failure a lack of standing, or an attempt

by plaintiffs to seek an advisory opinion, we are constrained to hold that plaintiffs' complaint must be dismissed.

 Plaintiffs contend, however, that the case under consideration is controlled by the Supreme Court cases of NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); and Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Reliance upon these cases is not well placed for two reasons. First, notwithstanding the allegation that Section 107 is patently unconstitutional for overbreadth and vagueness, it is the opinion of the Court that such provision would stand constitutional muster since it appears to proscribe only that political involvement in which the employee must actively participate. Additionally, there appears to be no dispute as to whether or not the City of Knoxville has an interest in regulating the political activities of the employees herein involved. Therefore, even if this Court were to reach the merits of the controversy, we are of the opinion in light of the two most recent decisions of the Supreme Court that Section 107 of the City Charter is not unconstitutional. (Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); United States Civil Service Commission v. National Association of Letter Carriers, AFL-CIO, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973)).

Secondly, it appears from the record that while plaintiffs may have a concern in the outcome of this action, it has not met the requirement as set forth in *Flast* and *Dombrowski*. A mere allegation that plaintiffs' First Amendment rights have been chilled, without more, is not enough to invoke the jurisdiction of this Court. (Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); United Public Workers v. Mitchell, supra.)

Accordingly, it is ordered that defendant's motion be, and same hereby is, granted and the plaintiffs' motion be, and same hereby is, denied.